21 F.3d 1115
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Brenda N. SIEREN, Petitioner,
v.
FEDERAL LABOR RELATIONS AUTHORITY, Respondent.
 No. 93-70302.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1994.*
Decided March 29, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Brenda N. Sieren appeals pro se the Office of General Counsel of the Federal Labor Relations Authority's (FLRA) refusal to file an unfair labor practice complaint against the American Federation of Government Employees, Local 3889. We dismiss the appeal for lack of jurisdiction.
 
 
 3
 "The General Counsel's decision not to issue an unfair labor practice complaint is generally not reviewable." Baker v. International Alliance of Theatrical Stage Employees, 691 F.2d 1291, 1293 (9th Cir.1982); accord Columbia Power Trades v. United States Dep't of Energy, 671 F.2d 325, 329 (9th Cir.1982).
 
 
 4
 Nonetheless, such a decision "may be reviewable when 'a refusal by the agency to institute proceedings [is] based solely on the belief that it lacks jurisdiction' or 'where it could justifiably be found that the agency has "consciously and expressly adopted a general policy" that is so extreme as to amount to an abdication of its statutory responsibilities' " Montana Air Chapter No. 29 v. FLRA, 898 F.2d 753, 756 (9th Cir.1990) (alteration in original) (quoting Heckler v. Chaney, 470 U.S. 821, 833 n. 4 (1985)).
 
 
 5
 Here, the FLRA argues that the General Counsel's determination that Sieren filed an untimely complaint is not reviewable. The FLRA previously filed a motion to dismiss the appeal on the same grounds to a prior motions panel of this court. Relying on Montana Air, the motions panel ruled that this court had jurisdiction because Sieren "allege[d] that the agency adopted a general policy regarding the issuance of unfair labor practice complaints that is so extreme as to amount to an abdication of its statutory responsibilities." In her opening brief, however, Sieren provides no argument to support her previous claim that the General Counsel acts in an arbitrary and capricious manner by issuing unfair labor practice complaints on behalf of agencies and unions, but not individuals. Absent such evidence to support a Montana Air exception, the General Counsel's decision is not subject to judicial review.[1] See Columbia Power Trades, 671 F.2d at 329 (General Counsel's refusal to issue an unfair labor complaint where petitioner filed an untimely charge was not reviewable.).
 
 
 6
 Because Sieren is neither represented by counsel nor a prevailing party, we deny her requests for attorneys' fees under the Equal Access to Justice Act, 5 U.S.C. Sec. 504.
 
 
 7
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We decline to address for the first time on appeal Sieren's argument that the General Counsel violated its own regulations by allowing the union to respond in an untimely manner. See Sablan v. Dep't of Fin. of N. Mariana Islands, 856 F.2d 1317, 1327 (9th Cir.1988) (declining to consider argument for first time on appeal)